81 N.J. Super. 344 (1963)
195 A.2d 511
COUNTY OF BERGEN, PLAINTIFF,
v.
ERIE LACKAWANNA RAILROAD COMPANY, A NEW YORK CORPORATION, HUDSON REALTY COMPANY, A NEW JERSEY CORPORATION, JOINT MEETING NO. 1 FOR SOLID WASTE DISPOSAL AND FIRST NATIONAL CITY TRUST COMPANY, A NATIONAL BANKING ASSOCIATION, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided November 15, 1963.
*345 Mr. Nelson G. Gross, County Counsel, for plaintiff County of Bergen.
Messrs. Pitney, Hardin & Kipp (Mr. William P. Reiss appearing), attorneys for defendant Joint Meeting No. 1 for Solid Waste Disposal.
Mr. Richard B. Wachenfeld, attorney for the Erie Lackawanna Railroad Company.
Mr. Russell E. Watson, attorney for Transcontinental Gas Pipe Line Corporation, intervenor.
Mr. James A. Breslin, attorney for Township of Lyndhurst.
Mr. Charles L. Bertini, attorney for Hubbard Broadcasting, Inc., holder of an option to purchase.
LEYDEN, J.S.C.
The Erie Lackawanna Railroad Company is the owner of approximately 328 acres of low-lying land, largely or wholly within the Township of Lyndhurst, Bergen County.
It is gathered from the briefs and accompanying affidavits, about which there is no factual dispute, that the County of *346 Bergen has been negotiating since April 1963 for the acquisition, by purchase, of 358 acres of land, including that of the railroad company, located in the Township of Lyndhurst and Borough of North Arlington, municipal corporations situate in the County of Bergen. The negotiations had reached a point on June 5, 1963 that the Board of Chosen Freeholders of Bergen County adopted a resolution authorizing the execution of the agreement to purchase. On July 19, 1963 said agreement and a check for $30,000 as a deposit were forwarded to Mr. David A. Lerch, General Land and Tax Attorney for the Erie Lackawanna Railroad Company at Cleveland, Ohio. The agreement, unexecuted by the railroad, and the check, were returned on July 23, 1963 with the information that an offer to buy the land had been made by several Essex County municipalities and, therefore, the competing offers would complicate procurement of approval of the sale by the Board of Public Utility Commissioners.
Joint Meeting No. 1 for solid Waste Disposal is a body politic exercising public and governmental functions to provide for the public health and welfare. It was organized and established pursuant to the Consolidated Municipal Service Act of 1952, as amended, N.J.S.A. 40:48B-1 et seq., by a joint contract entered into on August 10, 1961 by and between the Borough of Glen Ridge, the Township of Cedar Grove, the City of Orange, the Town of Montclair, the City of East Orange, the Town of Bloomfield and the Borough of Verona, municipal corporations located in the County of Essex. Pursuant to N.J.S.A. 40:48B-2, these municipalities adopted ordinances and entered into a contract providing for the formation of the Joint Meeting to acquire, construct, maintain and operate a solid waste disposal system for the use and benefit of the named municipal corporations and for the use of such other municipalities and other persons as may be authorized so to do by the Joint Meeting.
At a special meeting on September 11, 1963 the management committee of the Joint Meeting adopted a resolution to acquire lands, including those of the Erie Lackawanna Railroad *347 Company, for the maintenance and operation of a solid waste disposal system.
The Joint Meeting is authorized by N.J.S.A. 40:48B-2.1(b) to acquire real and personal property by deed, gift, grant, lease, purchase, condemnation or otherwise in any municipality in the State of New Jersey. However, this power is not unlimited or unrestricted. N.J.S.A. 40:48B-2.1(i) provides:
"To acquire * * * lands * * * in any municipality in the State, except where the governing body of such municipality, by resolution adopted within 30 days after receipt of written notice of intention to so acquire, maintain, use or operate, shall find that the same would adversely affect the governmental operations and functions and the exercise of the police powers of such municipality."
The counties of the State, through their boards of chosen freeholders, may acquire by purchase, gift or condemnation any real estate, easements and the like, deemed necessary or useful for the proper exercise of any power expressly or impliedly conferred upon them by virtue of the provisions of R.S. 40:32-2, which general power and right is conceded by the Joint Meeting. Likewise, the county concedes the Joint Meeting's limited power to condemn land in another municipality, N.J.S.A. 40:48B-2.1(i) supra.
The Joint Meeting filed its complaint seeking condemnation of the land of the Erie Lackawanna Railroad Company on September 13, 1963, and the usual order to show cause was made returnable on December 6, 1963. The County of Bergen filed its complaint seeking the condemnation of the same property on September 18, 1963, and that order to show cause was made returnable October 25, 1963 and continued to November 1, 1963.
On September 16, 1963 the Joint Meeting advised the Mayor and Board of Commissioners of the Township of Lyndhurst in writing of its intention to acquire the land of the Erie Lackawanna Railroad Company to be used as sanitary land fill for the disposal of solid waste. The governing body *348 thereof adopted a resolution on October 8, 1963 that the acquisition of said land by the Joint Meeting for such use would adversely affect the governmental operations and functions and the exercise of the police powers of said municipality, and so notified the Joint Meeting at its office, Municipal Building, Montclair, N.J.
It is the contention of the Joint Meeting that the prior commencement of condemnation proceedings by it precludes the plaintiff from acquiring said lands by condemnation. The argument is the doctrine of prior use, which prescribes that property already devoted to a public use or a proposed public use cannot ordinarily be condemned for another public use; that if land already used for the public welfare by a governmental body were subject to condemnation by another public body, a wasteful circuity of litigation would result because the public body originally using the land could, with equal right and the same logic, seek condemnation to reacquire the property. The Joint Meeting relies upon the case of Weehawken Township v. Erie Railroad Co., 20 N.J. 572 (1956) and cases from other jurisdictions to like effect.
The County of Bergen seeks the property for solid waste disposal and sanitary land fill as necessary for the public health and general welfare of the inhabitants of 51 of the 70 municipalities of that county, benefiting directly approximately 551,583 people, and ultimately for use for the benefit of approximately 250,000 more residents of the county.
The dispositive question is: Does the mere filing of a complaint in condemnation devote the land sought to be condemned to a public use and thus bring into play the doctrine of prior use? In my view the answer is in the negative.
A proceeding in condemnation may be abandoned, N.J.S.A. 20:1-30, a result which is not uncommon, where the award of just compensation by the condemnation commissioners or a jury on appeal is considered excessive or beyond reach by the condemning authority.
The Weehawken case, supra, does not give support to the contention of the Joint Meeting to the extent sought. In that *349 case the Erie Railroad Company owned a waterfront railroad terminal for the transshipment of freight, a public railroad use. Prior to the threat of condemnation, negotiations had reached the point where the construction of a freight facility on the land sought for the loading and unloading of freight cars, was imminent. Hence, the doctrine of prior use was applied. Obviously that is not the situation here.
The Township of Lyndhurst determined, by resolution, within the time limited, that the proposed use of the land within its borders by the Joint Meeting would adversely affect the governmental operations and functions and the exercise of the police powers of the township. Thus, the exception to the Joint Meeting's power to acquire or condemn was invoked. The legislative intent in making this exception is obvious. It is to protect a municipality from the burden and annoyance of having solid waste material of other municipalities dumped within its borders against the will of its inhabitants, with the attendant increase in noxious odors, smoke and motor truck traffic.
The Erie Lackawanna does not use or need the land in question for public railroad purposes, nor does it intend so to do.
An order appointing commissioners in condemnation may be presented on behalf of plaintiff.